UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VERMAN O'HARO,

                                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                                Respondent.
-------------------------------------------------------------X

MEMORANDUM
AND ORDER

09-CV-5623 (CBA)

AMON, United States District Judge:

Petitioner Verman O'Haro ("O'Haro") submitted an emergency motion for permission to file a Rule 60(b)(6) motion, seeking relief pursuant to the Supreme Court's decision in Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009).[1] See F. R. Civ. P. 60(b)(6). Subsequently, O'Haro submitted an emergency motion for reconsideration of this Court's decision, dated August 30, 2001, denying his 28 U.S.C. § 2255 petition.

O'Haro's motion for permission to file a Rule 60(b)(6) motion is denied. Under Rule 60(b)(6), a court may relieve a party "from a final judgment, order or proceeding" for "any other reason [aside from those listed in sections (1) through (5)] that justifies relief." F. R. Civ. P. 60(b)(6). The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts" as well habeas corpus proceedings under 28 U.S.C. § 2255. See F. R. Civ. P. 1, 81(a)(4). Rule 60(b) may not be used to attack a criminal conviction. See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004); Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002) ("the court always has the alternative of simply denying, as beyond the scope of Rule 60(b), the balance of the motion, i.e., the portion believed to present

---

[1] In the alternative, O'Haro requested that this Court view his Rule 60(b)(6) motion as a motion for reconsideration of this Court's August 30, 2001 denial of his 28 U.S.C. §2255 petition. As he has subsequently filed an emergency motion to this effect, his first motion will be construed as a Rule 60(b)(6) motion.

new attacks on the conviction.") O'Haro's motion fails to set forth grounds for relief under Rule 60(b), as he merely attacks his underlying criminal conviction. See Rodriguez v. Mitchell, 252 F.3d 191, 198-199 (2d Cir. 2001).

This Court also denies O'Haro's motion for reconsideration of its August 30, 2001 Order denying his 28 U.S.C. § 2255 petition. O'Haro asserts that the Supreme Court's decision in Melendez-Diaz, 129 S. Ct. at 2542, recognized new Confrontation Clause rights, entitling him to relief.[2] Since O'Haro bases his allegations on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" his motion for reconsideration is properly viewed as an application for successive habeas relief under 28 U.S.C. §§ 2255(h)(2). As such, O'Haro must obtain an order authorizing this Court to consider his application from the Court of Appeals for the Second Circuit. 28 U.S.C. §§ 2244(b)(3). This Court is not authorized to consider the application until it has been certified by the Court of Appeals for the Second Circuit. Accordingly, this Court denies O'Haro's motion for reconsideration as it is not properly before this Court.

---

[2] In Melendez-Diaz, the Court held that where the prosecution offers an analyst's certificate of scientific analysis into evidence, if the defendant objects, the prosecution must introduce the analyst's live testimony. Melendez-Diaz, 129 S. Ct. at 2532 n.1. O'Haro alleges that the government failed to call a "telephone analyst from the phone company who could verify the testimony of [undercover] Agent Henry."

For the reasons stated above, O'Haro's Rule 60(b)(6) motion and his motion for reconsideration are hereby denied. A Certificate of Appealability will not be issued because petitioner has failed to make a substantial showing of the denial of a constitutional right. See Kellogg v. Strack, 269 F.3d 100, 103-04 (2d Cir. 2001). The Clerk of Court is directed to enter judgment in accordance with this order.

SO ORDERED.

/S/
_____
CAROL BAGLEY AMON
United States District Judge

Dated: April 6, 2010
Brooklyn, New York